LNE 6.26.2023
USAO: SS 2023R00041



## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| **v.** | *   **CRIMINAL NO.** JKB 23-0220 |
| | * |
| **KALEB SCHOONOVER,** | *   **(Transferring a Firearm to an Out-of-** |
| | *   **State Resident, 18 U.S.C. § 922(a)(5);** |
| **Defendant** | *   **Possession of a Firearm and** |
| | *   **Ammunition by a Prohibited Person, 18** |
| | *   **U.S.C. § 922(g)(1); Unlawful Possession** |
| | *   **of Machinegun, 18 U.S.C. § 922(o);** |
| | *   **Forfeiture, 18 U.S.C. § 924(d), 21 U.S.C.** |
| | *   **§ 853(p), 26 U.S.C. § 5872, 28 U.S.C.** |
| | *   **§ 2461(c))** |
| | * |
| | * |

*******

## INDICTMENT

### COUNT ONE
### (Transferring a Firearm to an Out-of-State Resident)

The Grand Jury for the District of Maryland charges that:

On or about October 2022, in the District of Maryland, the defendant,

## KALEB SCHOONOVER

not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, did willfully transfer, sell, transport or deliver two firearms, that is, two machinegun conversion devices, to "D.M.", said person not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, and knowing and with reasonable cause to believe that said person was not then residing in the State of Maryland, the State in which the defendant was residing at the time of the aforesaid transfer, sale, transportation or delivery of the firearm.

18 U.S.C. § 922(a)(5)

## COUNT TWO

**(Possession of a Firearm and Ammunition by a Prohibited Person)**

The Grand Jury for the District of Maryland charges that:

On or about June 13, 2023, in the District of Maryland, the defendant,

### KALEB SCHOONOVER,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms and ammunition, to wit: (1) Keystone Sporting Arms, Cricket, .22 caliber rifle bearing serial number 856174; (2)  Del-Ton Inc., DTI-15, .556 caliber rifle bearing serial number DTI-S158262, and ammunition, to wit: (1) 471 rounds of .22 caliber ammunition; (2) 377 rounds of .556 caliber ammunition; and (3) 126 rounds of 9 millimeter ammunition; and the firearms and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)

## COUNT THREE

**(Unlawful Possession of a Machinegun)**

The Grand Jury for the District of Maryland further charges that:

On or about June 13, 2023, in the District of Maryland, the defendant,

**KALEB SCHOONOVER,**

did knowingly possess machineguns, as that term is defined in 26 U.S.C. § 5845(b); that is, nine

machinegun conversion devices, in violation of Title 18, United States Code, Section 922(o) and

924(a)(2).

18 U.S.C. § 922(o)
26 U.S.C. § 5845(b)
18 U.S.C. § 924(a)(2)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under any of the offenses charged in Counts One through Three of this Indictment.

### Firearms and Ammunition Forfeiture

2.      Upon conviction of any of the offenses alleged in Counts One through Three, the Defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offense(s).

### Property Subject to Forfeiture

3.      The property to be forfeited includes but is not limited to the following:

   a.      Keystone Sporting Arms, Cricket, .22 caliber rifle bearing serial number 856174;

   b.      Del-Ton Inc., DTI-15, .556 caliber rifle bearing serial number DTI-S158262;

   c.      Approximately 471 rounds of .22 caliber ammunition;

   d.      Approximately 377 rounds of .556 caliber ammunition;

   e.      Approximately 126 rounds of 9 millimeter ammunition; and

   f.      Nine machinegun conversion devices.

### Substitute Assets

3.      If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

  a.  cannot be located upon the exercise of due diligence;

  b.  has been transferred or sold to, or deposited with, a third person;

  c.  has been placed beyond the jurisdiction of the Court;

  d.  has been substantially diminished in value; or,

  e.  has been commingled with other property which cannot be divided

    without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), shall

be entitled to forfeiture of substitute property up to the value of the forfeitable property described

above.

18 U.S.C. § 924(d)
21 U.S.C. § 853(p)
26 U.S.C. § 5872
28 U.S.C. § 2461(c)

*Erek L. Barron /ss*

Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

6/27/23

Date